UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Kenneth Roots, on behalf of himself and others similarly situated**<br><br>**Plaintiff,**<br><br>v.<br><br>**Teague Enterprises, Inc. d/b/a Larry Green Tire and Exhaust**<br><br>**Defendant.** | **CIVIL ACTION NO.  3:18cv00162** |

## COMPLAINT

Plaintiff Kenneth Roots respectfully moves for judgment against Teague Enterprises, Inc. d/b/a Larry Green Tire and Exhaust.on behalf of himself and all others similarly situated:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations on behalf of himself and others similarly situated.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule

3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

Parties

5. Roots is a resident of Virginia who was employed by Teague as an auto mechanic. Plaintiff was an "employee" as defined in the FLSA.

6. Teague is a Virginia corporation with its principal office in Richmond, Virginia. Teague runs a chain of automobile repair shops, including Larry Green Tire and Exhaust, located in Richmond, Virginia. Teague meets the definition of "employer" as defined in the FLSA.

Factual Allegations

7. Roots was hired by Teague's predecessor company in 1994, which was bought by Teague in or around 2004, and was continuously employed with them until the end of 2017.

8. Roots's job duties involved doing auto mechanic work such as performing oil changes, performing state inspections, changing tires, and picking up supplies and parts.

9. Teague scheduled Roots to work a regular schedule of Monday through Friday from 7:00 a.m. to 5:00 p.m. with a one hour break for lunch.

10. At all times relevant, Roots generally adhered to this schedule and worked 45 hours per week. However, Roots was not paid overtime for working over 40 hours per week.

11. Defendant did not pay Roots at all for hours worked over 40.

12. Pursuant to the FLSA, Defendant is obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendant failed to do so.

13. Teague knew Roots worked more than 40 hours per week without receiving

overtime pay.

14. Teague's management employees scheduled Roots to work more than 40 hours per week and saw him working on a daily basis.

15. Roots was not employed in any bona fide executive, administrative, or professional capacity.

16. Roots performed blue collar, manual work.

17. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

18. On information and belief, Teague did not keep any time records of the hours worked by Roots.

19. Teague had a timeclock on premises, but it was kept unplugged and was not used.

20. Defendant had an obligation under the FLSA to maintain accurate time records of Plaintiff's hours worked. Defendant failed to do so.

21. Defendant willfully violated the FLSA by knowingly failing to pay overtime.

22. At all relevant times Defendant intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## Representative Action Allegations for FLSA Claims

23. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

24. Upon information and belief, Defendant employs, and has employed, multiple

persons who were paid under a similar pay scheme which deprived salaried non-exempt employees of overtime pay.

25. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

26. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

27. On information and belief, Defendant's pay operations are centrally managed as a single enterprise, and all or most of Defendant's employees who are paid similarly to Plaintiff are subject to common time-keeping and payroll practices.

28. Roots has had conversations with co-workers in which they told Roots that they were similarly denied overtime for working more than 40 hours per week.

29. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who were paid under a pay scheme similar to Plaintiff, and have been employed within three (3) years of the date of filing of this action.

30. Defendant's policy of refusing to pay salaried employees overtime amounted to a willful or reckless disregard of its employees' rights under the FLSA.

31. Defendant had no good faith basis to believe that salaried non-exempt employees were not entitled to overtime under the FLSA.

32. Plaintiff asserts that Defendant's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

33. Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

34. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E. reasonable attorneys' fees and costs expended in the prosecution of this case;

F. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Kenneth Roots**
Plaintiff


By:\_\_\_\_\_/s/_____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com