## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Kenneth Roots ("Roots") and Teague Enterprises, Inc. d/b/a Larry Green Tire and Exhaust ("Teague") (collectively the "Parties") on the date executed below:

1. **Reasons for Agreement.** Roots and Teague are parties to a matter pending before the United States District Court, Eastern District of Virginia, Richmond Division, Case No.: 3:18-cv-162 (the "Action"). The Parties wish to resolve and settle the claims Roots has made in the Action and any other claim he has, or may have, against Teague related to the payment or non-payment of wages arising out of his employment with Teague.

Teague denies any liability or wrongdoing in connection with the claims set forth in the Action. This Agreement contains the resolution of all of Roots's allegations in the Action, is a compromise of disputed claims, and is entered into to avoid the expense and inconvenience of further litigation

2. **Settlement Payment.** In consideration for Roots's execution of this Agreement and dismissal of the Action with prejudice and compliance with the terms of this Agreement, Teague agrees to pay the gross sum of TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500.00) to Roots and the Curwood Law Firm, which shall be allocated as follows:

   a. SEVEN THOUSAND NINE HUNDRED AND NINETY ONE DOLLARS AND FIFTY CENTS ($7,991.50) less appropriate state and federal taxes, will be paid to Kenneth Roots, for alleged unpaid wages, and said amount to be reported by Teague on an IRS Form W-2;

   b. SEVEN THOUSAND NINE HUNDRED AND NINETY ONE DOLLARS AND FIFTY CENTS ($7,991.50) will be paid to Kenneth Roots, for alleged liquidated damages, and said amount to be reported by Teague on an IRS Form 1099 with Box 3 "Other income" selected;

   c. ELEVEN THOUSAND FIVE HUNDRED AND SEVENTEEN DOLLARS ($11,517.00) will be paid to the "Curwood Law Firm" for attorney's fees and costs and said amount to be reported by Teague on an IRS Form 1099 with Box 14 "Gross proceeds paid to an attorney" selected.

The payments set forth in Paragraph 2 will be delivered by Teague to the Curwood Law Firm within seven days of court approval of this Agreement.

3. **Dismissal of the Action.** Within seven days of the funds clearing from the settlement payments described in Paragraph 2, Roots agrees to dismiss with prejudice his claims in this Action and authorizes his attorneys to take all steps necessary to obtain this dismissal, including executing a Joint Stipulation of Dismissal.

4. **Release of Claims.** Roots knowingly and voluntarily releases and forever discharges Teague, and its current and former employees, officers, attorneys, directors and agents thereof, both individually and in their business capacities of and from any and all claims related to the payment or non-payment of wages arising out of his employment with Teague.

5. **Confidentiality.** The Parties recognize that this agreement will become public record and will be filed with the Court. Despite the availability of this Agreement through the Court's public records, the Parties mutually agree that, to the fullest extent permitted by the Court and subject to the exception below, the Parties will not disclose this Agreement to any person, agency, institution, company, or other entity. The sole exceptions are as follows: the Parties may make such disclosures as are required by law, including disclosures to taxing agencies, and may disclose the terms of this Agreement to their counsel, tax advisor, spouse, and immediate family, provided that they shall first inform such individuals that the terms are to be kept confidential and obtain their assurance that they will not reveal this Agreement or its terms to anyone else except as required by law.

6. **No Reliance on Representations.** The Parties acknowledge that in entering this Agreement, they do not rely and have not relied upon any representation or statement made by any other party, nor by the Parties' agents, representatives or attorneys, with regard to the subject matter, basis, or effect of this Agreement or otherwise, except as expressly stated in this Agreement.

7. **Governing Law.** This Agreement is made and entered into in the Commonwealth of Virginia, and, except as preempted by federal law, shall in all respects be interpreted, enforced and governed under Virginia law.

8. **Severability.** Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

9. **Complete Agreement.** This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties. Any modification or amendment to this Agreement must be in writing and must be signed and dated by all Parties and must explicitly state it is intended to be an amendment to or modification of this Agreement.

10. **Electronic Signatures and Counterparts.** This Agreement may be executed in counterparts, and signatures transmitted by electronic means, including email, facsimile, or other electronic transmission, shall be deemed as original.

[Signatures on Following Page]

The Parties knowingly and voluntarily execute this Agreement on the date(s) set forth below:

**KENNETH ROOTS**

By: *Kenneth Roots*
  Kenneth Roots (May 7, 2018)

Date: 05/07/2019

**TEAGUE ENTERPRISES INC.**

By: _____

Date: 05/08/2018

3